**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FLOYD EARL BUTLER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-CV-0536-GKF-JFJ** |
| | ) | |
| **DEB HAALAND,** | ) | |
| **Secretary of the Department of Interior,** | ) | |
| **MERRICK GARLAND,** | ) | |
| **Attorney General of the United States,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**OPINION AND ORDER**

This mandamus action is before the Court on Respondents' Motion to Dismiss filed July 26, 2023 (Dkt. 31). Petitioner Floyd Earl Butler, a self-represented Oklahoma prisoner, did not file a response to the dismissal motion.[1] Having considered the parties' arguments and applicable law, the Court finds and concludes that Respondents' Motion shall be granted, and that Butler's Petition for Writ of Mandamus filed December 9, 2022 (Dkt. 1) shall be dismissed, in part, for lack of jurisdiction and, in part, for failure to state a claim on which relief may be granted.

**I.**

Butler seeks a mandatory injunction, under either the Mandamus Act, 28 U.S.C. § 1361, or the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, claiming that Respondents have failed to comply with their legal duty to enforce federal law. He specifically asks this Court to "compel[]

---

[1] Because Butler appears without counsel, the Court liberally construes his petition. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Respondents to investigate [and], if necessary, prosecute Oklahoma state officials for illegal detention of Petitioner and other[s] similarly situated in state custody." Dkt. 1, at 1, 5.

Butler alleges he is a descendant of a member of the Cherokee Nation and that he presently is serving twenty-five years in state custody, at the James Crabtree Correctional Center in Helena, Oklahoma, under a judgment and sentence entered against him in Tulsa County District Court, "for crimes committed within the boundaries of the Muscogee Creek Nation [R]eservation." Dkt. 1, at 1. Butler alleges he is "an Indian within the meaning of federal law" and that the State of Oklahoma ("the State") unlawfully "detained, prosecuted, and incarcerated" him "for crimes occurring within the undisputed boundaries of an Indian reservation," namely, the Muscogee Creek Nation Reservation, because his crimes were subject to federal prosecution under the Major Crimes Act ("MCA"), 18 U.S.C. § 1153. *Id.* at 3.

Butler further alleges he cannot seek relief from his allegedly unlawful detention in state court because the Oklahoma Court of Criminal Appeals ("OCCA") has held that the decision in *McGirt v. Oklahoma*, 591 U.S. ___, 140 S. Ct. 2452 (2020), does not apply retroactively. *Id.* at 4. The *McGirt* Court held that the land within the historical boundaries of the Muscogee Creek Nation Reservation is "Indian country" for purposes of federal law and that, "[a]s a result, the MCA applies to Oklahoma according to its usual terms: Only the federal government, not the State, may prosecute Indians for major crimes committed in Indian country." 140 S. Ct. at 2459, 2468, 2474, 2478. The OCCA subsequently held that because *McGirt* "announced a new rule of criminal procedure," the rule announced in *McGirt* "shall not apply retroactively to void a conviction that was final when *McGirt* was decided." *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688-89 (Okla. Crim. App. 2021). Butler also alleges he cannot seek relief from his unlawful detention through a federal habeas action because this court previously dismissed as untimely his petition for writ of

habeas corpus under 28 U.S.C. § 2254.  *Id.* at 4; *see Butler v. Nunn*, No. 22-CV-0009-CVE-SH, 2022 WL 1697246 (N.D. Okla. Nov. 16, 2022) (unpublished) (concluding that the applicable one-year statute of limitations barred relief as to Butler's habeas petition challenging the constitutional validity of his Tulsa County District Court conviction on the basis that the State of Oklahoma improperly exercised prosecutorial authority over crimes he committed in Indian country).  Butler thus contends he "is left only with mandamus as a means of enforcing federal law in this matter." Dkt. 1, at 4.

Butler contends Respondents have a legal duty to enforce federal law and federal Indian treaties and thus have a "duty to remedy the illegal detention of Petitioner and others similarly situated in Oklahoma Department of Corrections custody."  *Id.* at 2-3.

## II.

Respondents move to dismiss the petition, under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), asserting that:  (1) Butler filed it in the wrong venue; (2) Butler has not alleged sufficient facts to establish federal jurisdiction; and (3) even if venue is proper and this Court has jurisdiction to adjudicate the petition, Butler fails to state any claims on which relief may be granted.  Dkt. 31.

"Federal Rule of Civil Procedure 12(b)(1) permits a party to seek dismissal of a case for lack of subject-matter jurisdiction."  *In re Riley*, 365 F. Supp. 3d 1195, 1198 (N.D. Okla. 2019). "Rule 12(b)(1) motions generally take one of two forms:  (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction  is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  Respondents' motion appears to assert a facial attack.  *See* Dkt. 31, at 8 (concluding that "[t]he Court should dismiss the Complaint because it is insufficient on its face").  The Court therefore accepts as true Butler's factual allegations and evaluates whether those allegations,

standing alone, are sufficient to establish subject matter jurisdiction.  *See Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (explaining that a facial attack "merely challenge[s] the sufficiency of the complaint, requiring the . . . court to accept the allegations in the complaint as true").

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal when the facts alleged in the complaint fail to state a claim on which relief may be granted.  "The Court's function in ruling on a Rule 12(b)(6) motion is not to weigh the evidence that the parties might present at trial, but to assess whether the plaintiff's complaint is legally sufficient to state a claim upon which relief may be granted."  *Wright v. Am. Legion Dep't of Okla., Inc.*, 549 F. Supp. 3d 1301, 1305 (N.D. Okla. 2021).  The complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  And, in assessing plausibility, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).  But dismissal is appropriate "when the allegations in the complaint, however true, could not raise a claim of entitlement to relief."  *Bell Atl. Corp.*, 550 U.S. at 558.

Applying these standards, the Court finds that venue is appropriate, that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) to consider Butler's request for a mandatory injunction under 5 U.S.C. § 706(1), and that Butler's petition must be dismissed for failure to state a claim on which relief may be granted.

## III.

Respondents first contend that venue is improper because Butler resides in the judicial district of the United States District Court for the Western District of Oklahoma.  Dkt. 31, at 2-3.

4

The Court disagrees.  Venue in all civil actions brought in district courts of the United States is governed by 28 U.S.C. § 1391.  Section 1391(e)(1) provides, in relevant part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).  Respondents argue that § 1391(e)(1)(C) controls here because Butler "admits that the [Respondents' respective agencies] reside in Washington, D.C.," and "admits that he resides in the Western District of Oklahoma."  Dkt. 31, at 2-3.  But Respondents' argument overlooks that the crux of Butler's complaint is that the State violated federal law because the Tulsa County District Court allegedly lacked criminal jurisdiction to prosecute and incarcerate Butler (and other similarly situated defendants) for crimes committed within Indian country that is located within Tulsa County and within the judicial district of the United States District Court for the Northern District of Oklahoma.  Dkt. 1, generally.  Because "a substantial part of the events or omissions giving rise to [Butler's] claim occurred" in this judicial district, the Court finds that venue is proper under § 1391(e)(1)(B).

**IV.**

Next, Respondents contend that Butler has not alleged sufficient facts to invoke federal jurisdiction.  Dkt. 31, at 3-4.  Again, the Court disagrees.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "The party invoking federal jurisdiction has the burden to establish that it is proper, and 'there is a presumption against its

5

existence.'"  *McLaughlin v. Ford Motor Co.*, 603 F. Supp. 3d 1079, 1081 (N.D. Okla. 2022)

(quoting *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014)).

Butler identifies three potential bases for jurisdiction:  28 U.S.C. § 1361, 5 U.S.C. § 706,

and 28 U.S.C. § 1651.  Dkt. 1, at 1.  Two of these statutes do not confer subject matter jurisdiction.

As relevant here, 5 U.S.C. § 706 permits a district court reviewing an agency action to "compel

agency action unlawfully withheld or unreasonably delayed" and 5 U.S.C. § 702 "contains a

limited waiver of the United States' sovereign immunity," *New Mexico v. Regan*, 745 F.2d 1318,

1321 (10th Cir. 1984).  But the APA itself does not confer subject matter jurisdiction.  *See Califano

v. Sanders*, 430 U.S. 99, 105-06 (1977) (concluding "that the APA is not to be interpreted as an

implied grant of subject-matter jurisdiction to review agency actions"); *City of Albuquerque v.

U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) ("Because the Administrative Procedure

Act does not confer subject matter jurisdiction, we must look elsewhere to determine whether

subject matter jurisdiction exists in this case.").  Likewise, the All Writs Act, 28 U.S.C. § 1651,

does not confer subject matter jurisdiction.  *See United States v. Denedo*, 556 U.S. 904, 914 (2009)

("The authority to issue a writ under the All Writs Act is not a font of jurisdiction."); *United States

v. Tinajero-Porras*, 304 F. App'x 754, 756 (10th Cir. 2008)[2] ("We have held the All Writs Act,

provided in 28 U.S.C. § 1651, does not create or provide independent subject matter jurisdiction

for courts where such jurisdiction is lacking, but, instead, provides a means to correct an action

within the court's jurisdiction." (citing *Com. Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352

(10th Cir. 1972)).

---

[2] The Court cites this unpublished decision, and all other unpublished decisions herein, as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Whether the third statute, 28 U.S.C. § 1361, confers subject matter jurisdiction is a slightly more difficult question. Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its plain terms, this statute seems to provide this Court with subject matter jurisdiction over Butler's civil action requesting a mandatory injunction compelling Respondents, both of whom are federal officials, to perform a duty owed to Butler. But the United States Court of Appeals decision in *Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419, Brotherhood of Painters & Allied Trades, AFL-CIO v. Brown*, 656 F.2d 564 (10th Cir. 1981) ("*Carpet*"), appears to conclude that § 1361 confers subject matter jurisdiction only if the mandamus petitioner alleges facts that would permit the court to exercise its discretion to grant mandamus relief. In *Carpet*, the Tenth Circuit initially stated that "jurisdiction [to issue a mandatory injunction] can be based on either § 1361 or § 1331, or both." 656 F.2d at 567; *see also id.* ("We do not think that alternative or concurrent jurisdiction under both § 1361 and § 1331 is particularly troublesome."). These statements seem to suggest that § 1361 confers subject matter jurisdiction when a petitioner seeks a mandatory injunction compelling action by a federal official. But the Tenth Circuit further stated,

> With these jurisdictional bases, and whether we label the relief sought as mandamus or as mandatory injunction, the issue remaining is whether defendants here have failed to discharge a duty owed to plaintiffs which Congress has directed them to perform. The district court correctly resolved this issue as jurisdictional. "In resolving whether section 1361 jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction. (Citations omitted.) The test for jurisdiction is whether mandamus would be an appropriate means of relief." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.) *cert. denied*, 449 U.S. 832, 101 S. Ct. 100, 66 L. Ed. 2d 37 (1980). If dereliction in discharging a mandatory duty is alleged and if that allegation is not patently frivolous, both mandamus and injunctive relief are available, and we must remand for a trial on the merits. If, however, defendants have been accorded sufficient discretion to act as they have,

the courts may not direct them to act otherwise, and dismissal for lack of jurisdiction is appropriate.

*Carpet*, 656 F.2d at 567.  The Tenth Circuit has further explained that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty," *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)), and that "[t]he importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive Branch's prerogative," *id.* at 479.  "Thus, the question whether a particular act [challenged through mandamus] is discretionary . . . rises to the jurisdictional level." *Id.* (alteration and ellipsis in original).

Applying these precedents, the Court agrees with Respondents that, to the extent Butler seeks a mandatory injunction under § 1361, this Court lacks subject matter jurisdiction because Butler's factual allegations, even taken as true, do not plausibly allege that Respondents owe him any nondiscretionary duty.  To support his view that Respondents have a duty to investigate and potentially prosecute state officials for allegedly prosecuting and incarcerating Indians in violation of federal law, Butler cites:  (1) selected portions of the Treaty with the Creeks, 7 Stat. 366 (1832), the Treaty with the Creeks, 14 Stat. 785 (1866), the Treaty with the Cherokee, 14 Stat. 799 (1866), and the Treaty with the Cherokee, 7 Stat. 478 (1835); 18 U.S.C. § 1153; 25 U.S.C. § 1301; and 28 U.S.C. § 2802. *Id.* at 2-5.  But none of these sources establishes a nondiscretionary duty for either Respondent to investigate whether state officials have improperly exercised criminal jurisdiction in Indian country, much less a nondiscretionary duty to prosecute state officials for allegedly violating federal law by prosecuting and incarcerating Indian defendants.  Significantly, "[a]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a

decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Moreover, "[t]he Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." *Liverman v. Bush*, 213 F. App'x 675, 676-77 (10th Cir. 2007) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). In *Liverman*, the plaintiff sought mandamus relief under 28 U.S.C. § 1361, "to compel investigation and prosecution of complaints he had submitted to the Attorney General alleging illegal activity by the Treasury Department's Office of Inspector General and the Judiciary Committee of the U.S. House of Representatives." *Id.* at 676. The Tenth Circuit concluded that "two lines of authority, limiting mandamus to nondiscretionary duties and recognizing that criminal prosecution is left to the discretion of the executive branch, converge on an unavoidable conclusion here. The district court lacked jurisdiction to compel the President and Attorney General to investigate and prosecute the criminal conduct alluded to in plaintiff's complaint." *Id.* at 677. That conclusion likewise is unavoidable in this case. Butler seeks mandamus relief, under § 1361, to compel investigation and prosecution of state officials, alleging those officials have violated federal law by exercising criminal jurisdiction in Indian country over Indian defendants. But the decision of whether to investigate or prosecute state officials for the alleged violation of federal law is left to the discretion of the Executive Branch. As a result, this Court lacks jurisdiction to grant a writ of mandamus under § 1361.

Nonetheless, Butler also seeks mandatory injunctive relief under § 706 the APA. Dkt. 1, at 1. Under the APA, "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. And the phrase "agency action" includes the failure to act. *Id.* § 551(13). As previously stated, the APA expressly permits a district court reviewing an

9

agency action to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Here, Butler contends Respondents' respective agencies have unlawfully withheld agency action and he seeks an order compelling Respondents to act. And, while the APA itself does not confer subject matter jurisdiction, § 1331 does confer subject matter jurisdiction to review agency action "subject only to preclusion-of-review statutes created or retained by Congress." *Califano*, 430 U.S. at 984-85; *see also Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 56 (1993) ("To be sure, a statutory source of jurisdiction is not lacking, since 28 U.S.C. § 1331, generally granting federal question jurisdiction, 'confer[s] jurisdiction on federal courts to review agency action.'" (quoting *Califano*, 430 U.S. at 105)). The Court thus finds that it has jurisdiction, under § 1331, to consider Butler's APA claim.

## V.

Lastly, Respondents contend that even if improper venue or lack of jurisdiction do not support their request for dismissal of the petition, Butler's APA claim must be dismissed for failure to state a claim on which relief may be granted. Dkt. 31, at 4-8. On this point, the Court agrees. "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphases in original). As previously discussed, Butler's allegations, even taken as true, do not plausibly show that Respondents' respective agencies are required to either investigate or prosecute state officials for allegedly violating federal law by exercising criminal jurisdiction in Indian country over Indian defendants. Thus, to the extent Butler seeks a mandatory injunction under the APA, he fails to state a claim on which relief may be granted.

**VI.**

For the reasons stated, the Court concludes that venue is appropriate in this district, that the Court lacks jurisdiction to grant a writ of mandamus under 28 U.S.C. § 1361, that the Court has jurisdiction under 28 U.S.C. § 1331 to consider Butler's request for a mandatory injunction under 5 U.S.C. § 706(1), and that Butler fails to state a plausible claim for relief under the APA.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss Complaint and Brief in Support filed July 26, 2023 (Dkt. 31) is **granted**.

**IT IS FURTHER ORDERED** that Butler's Petition for Writ of Mandamus filed December 9, 2022 (Dkt. 1) is **dismissed**, in part, for lack of jurisdiction and, in part, for failure to state a claim on which relief may be granted.  This is a final order terminating this action.

**DATED** this 15th day of December, 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE